# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DERRICK ROBINSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV415-294 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted of conspiring to commit wire fraud and money laundering, Derrick Robinson moves under 28 U.S.C. § 2255 to have his sentence reduced to time served. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Robinson first pleads ineffective assistance of counsel ("IAC"), arguing that his attorney "failed to present facts that would prove that Movant should not be held responsible for loss that was not in the Movant's control[] nor was it in the Movant's jurisdiction. Counsel also failed to attack the ac[c]uracy of the indictment." Doc. 1 at 4. But he doesn't show what these "facts" were, or how the indictment was defective. Grounds three and four suffer from similar conclusory

constructions.[1] Ground two -- the lone claim to contain actual facts -- contends that:

> The sentencing court erred when it adopted the PSR as factual without reliable indicia. A violation of Movant's 5th Amendment right to due process. The relevant Conduct that the court adopted was not proven beyond a reasonable doubt, nor was the victims accurate in the PSR. The PSR charged that there was 250+ victims, when clearly the restitution is set to pay to one victim. There are several discrepancies that the Movant has been sentenced to based on the PSR that the Court adopted in its entirety.

*Id.* at 5.

Grounds one, three, and four fall at the sword of § 2255's heightened pleading standards.[2] Under those, Robinson's "allegations

---

[1] Ground three, in its entirety: "The government purposely misconstrued facts in order to get the conviction they were seeking. The government deliberately misinterpreted facts in order to convict the Movant knowing all along that the information was inaccurate." Doc. 1 at 7. And ground four:

> The 14th Amendment protects the Movant's due process right. In the instant case, the Movant's due process right was not protected by the Court [when] the Court adopted the PSR in its entirety, knowing that the information was not proven beyond a reasonable doubt and that the relevant conduct was not supported as it should have been pursuant to 18 USC 3664, during sentencing. A violation of the Movant's 8th and 14th Amendment right. It is indeed cruel and unusual punishment for the Court to have sentence the Movant on hearsay. Without supporting facts, the information amounted to hearsay.

*Id.* at 8.

[2] Ground three also fails because sentencing facts, contrary to Robinson's apparent belief, need not be proven beyond a reasonable doubt. *See United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006) (even "[r]elevant conduct of which a defendant was acquitted . . . may be taken into account in sentencing for the offense of conviction, as

must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014). Thus, § 2255 petitioners

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

---

long as the government proves the acquitted conduct relied upon by a preponderance of the evidence").

*Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga. May 13, 2015) (quoting *Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014)).

Robinson has come nowhere near satisfying that standard here, because all three claims contain nothing but legal conclusions sans factual support. And it isn't the Court's function to discover those facts and develop such claims for him.

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

*Chavez*, 647 F.3d at 1061.

Ground two contains some facts but nevertheless dies because Robinson already litigated it on direct appeal. *See United States v. Reed*, 592 F. App'x 759, 761 (11th Cir. 2014).³ "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section

---

³ In *Robinson*, the court of appeals held that this Court

> did not clearly err by enhancing Robinson's base offense level by six levels to account for the large number of his victims. Robinson purchased, at 65 percent of face value, thousands of electronic transfer cards and vouchers that had been issued to children as part of the Georgia Women, Infants, and Children Program (WIC Program) and the Supplemental Nutrition Assistance Program. Robinson then delivered the cards and vouchers to cashiers at children's stores that he knew would charge the cards and redeem the vouchers using fraudulent transactions and would give him cash in the amount of the transactions. Robinson argues that the only victim of his offense is the United States Department of Agriculture, which administered the state benefits programs. But a victim is "any person who sustain[s] any part of the actual loss" of an offense. U.S.S.G. § 2B1.1 cmt. n. 1. As explained in the presentence investigation report adopted by the district court, the victims of Robinson's fraud included the children who were named on the cards and vouchers as the intended beneficiaries of the programs. A defendant is subject to a six-level enhancement of his base offense level when an offense involves more than 250 victims, *id.*, § 2B1.1(b)(2)(C), and Robinson does not dispute that the conspiracy involved the acquisition and fraudulent use of more than 250 cards and vouchers.

592 F. App'x at 761. Robinson makes the same arguments here. *See* doc. 1 at 5 ("The PSR charged that there was 250+ victims, when clearly the restitution is set to pay to one victim.").

2255.") (internal quotation marks omitted)." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Hence, he cannot litigate ground two again here.

Accordingly, Robinson's § 2255 petition should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 16TH day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA